Prob 12 (10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Mostaffa Mohamed Al Nimiry          Docket No. 1:14CR00023-001

### Petition on Supervised Release

COMES NOW JUAN PEREDO, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Mostaffa Mohamed Al Nimiry, who was placed on supervision by the Honorable Gerald Bruce Lee, United States District Judge, sitting in the Court at Alexandria, Virginia, on the 4th day of April, 2014, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** that a warrant be issued and the offender be returned to Court to show cause why supervised probation should not be revoked.

### ORDER OF COURT

Considered and ordered this ___13th___ day of ___Mar___, ___2018___ and ordered filed and made a part of the records in the above case.

_Claude M. Hilton_
USDJ

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2018

_signature_    2018.03.12 12:39:19 -04'00'

Juan E. Peredo
U.S. Probation Officer
(703) 299-2354

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
**Page 2**
**Re: AL NIMIRY, Mostaffa Mohamed**

<u>OFFENSE</u>: Conspiracy to Distribute Oxycodone (Schedule II) (Felony), in violation of Title 21, U.S.C., §§ 841(a)(1) and 846.

<u>SENTENCE</u>: On April 4, 2014, the defendant was sentenced to forty-eight (48) months imprisonment followed by three (3) years supervised release with the following special conditions: **1)** Defendant must remain drug free and submit to mandatory drug testing. The defendant must participate in, pay the partial costs of, and successfully complete, a program of substance abuse testing and rehabilitation at the direction of the probation officer; **2)** Defendant must cooperate with Immigration officials in connection with any deportation review and removal proceedings; **3)** Defendant must not return to the United States following any removal without the express, advance permission of the Secretary of the Department of Homeland Security and the United States Attorney general; **4)** Defendant must provide the probation officer with access to all of his medical records and prescriptions issued, and waive any associated confidentiality in writing: **5)** Defendant must find and maintain gainful employment, at the direction of the probation officer; and **6)** Defendant must return to college within twenty-four (24) months of his release from imprisonment, and obtain a degree or certificate from Northern Virginia Community College or another school approved in advance by the probation officer. The Court also imposed a $100.00 special assessment fee.

<u>ADJUSTMENT TO SUPERVISION</u>: On April 4, 2017, the defendant was released from the Bureau of Prisons to a detainer with the U.S. Immigration and Custom Enforcement. On October 2, 2017, the defendant was released from immigration custody. The defendant lives with his brother in Alexandria, Virginia, and he is employed for United Parcel Service (UPS) as a warehouse employee. Concerning the special conditions, the defendant is in the process of enrolling in substance abuse counseling at the Community Services Board in Alexandria (CSB). In addition, he is randomly drug tested by the probation office. The defendant's overall adjustment has been poor due to continued drug use. The $100.00 special assessment fee was satisfied on December 15, 2014.

<u>NO ACTION VIOLATION REPORT</u>: On February 8, 2018, a No Action report was submitted to the Court after the defendant tested positive for opiates and oxycodone on January 18, 2018, and morphine on January 26, 2018. The sample collected on January 18, 2018, was unable to be confirmed by Alere, Inc., because the defendant submitted a urine specimen less than 10 ml. However, the sample collected on January 26, 2018, was confirmed positive for morphine by Alere. The defendant admitted to the use of illegal drugs on both dates and the following sanctions were imposed: 1) increased drug testing; and 2) referral for outpatient substance abuse treatment at the Community Services Board.

**Petition on Supervised Release**
**Page 3**
**Re: AL NIMIRY, Mostaffa Mohamed**

<u>VIOLATIONS</u>: The following violations are submitted for the Court's consideration.

| | |
|---|---|
| **STANDARD CONDITION #7:** | **THE DEFENDANT SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY NARCOTIC OR OTHER CONTROLLED SUBSTANCE, OR ANY PARAPHERNALIA RELATED TO SUCH SUBSTANCES, EXCEPT AS PRESCRIBED BY PHYSICIAN.** |

On February 12, 2018, the defendant submitted a urine specimen that tested positive for acetylmorphine, opiates, and oxycodone. The specimen was confirmed positive by Alere for heroin, morphine and oxymorphone.

On March 1, 2018, the defendant submitted a urine specimen that tested positive for acetylmorphine, opiates, and fentanyl. This sample was unable to be confirmed by Alere because the defendant submitted a urine specimen less than 10 ml. However, on March 1, 2018, the defendant signed an Admission of Drug Use form admitting to the use of heroin.

| | |
|---|---|
| **SPECIAL CONDITION #1:** | **THE DEFENDANT MUST PARTICIPATE IN A PROGRAM OF SUBSTANCE ABUSE TESTING AND REHABILITATION AT THE DIRECTION OF THE PROBATION OFFICER.** |

On February 8, 2018, the defendant was placed on the random urinalysis code-a-phone program in the U.S. Probation Office for the Eastern District of Virginia, Alexandria Division. On that date, the defendant signed the code-a-phone agreement to call and report as directed for Phase 2 drug testing. On March 9, 2018, the defendant failed to report to the probation office for Phase 2 drug testing.

JEP/smk